STATE OF NORTH CAROLINA on RELATION OF J. BEN PITTS v. DEXTER F. WILLIAMS.

(Filed 18 September 1963.)

**Public Officers § 2—**

> Where a board of county commissioners appoints one of its members a member of the county board of public welfare for a three-year term, the fact that the member's term of office as county commissioner expires during the three-year term does not terminate his term as a member of the county board of public welfare, G.S. 108-11. The statute does not use the term "ex officio" in its technical sense.

APPEAL by defendant from *Hubbard, J.,* February 1963 Session of CRAVEN.

This action by J. Ben Pitts, plaintiff's relator, is for an order declaring him to be the duly appointed and qualified member of the Craven County Welfare Board for the three-year term ending on June 30, 1965. Pitts gave bond and obtained leave of the Attorney General to bring this action in the name of the State in accordance with G.S. 1-515 *et seq.*

The parties filed pleadings, waived a jury trial and submitted the cause for decision upon an agreed statement of facts and attached exhibits. The agreed facts are summarized below.

R. L. Stallings, Sr., under appointment by the Board of County Commissioners of Craven County, served two successive terms of three years each as a member of the Craven County Welfare Board. His second three-year term expired June 30, 1962. He was not a member of the Board of Commissioners when appointed to membership on the Welfare Board or at any time thereafter.

At its regular meeting on July 2, 1962, the Board of Commissioners, then composed of George W. Ipock, Chairman, Johnnie E. Daugherty, C. D. Lancaster, Dexter F. Williams and J. B. Pitts, adopted by unanimous vote a motion "appointing J. Ben Pitts to the Craven County Board of Public Welfare for the ensuing term." Pitts took no separate oath of office as a member of the Welfare Board but had previously taken the oath as a member of the Board of Commissioners.

Pitts' term of office as a member of the Board of Commissioners expired December 3, 1962. He had been a candidate for the office of County Commissioner in the Democratic Primary of 1962 but was not nominated. In the general election in November 1962, the persons elected members of the Board of Commissioners "for the next ensuing term of four years," (Chapter 604, Public-Local Laws of 1939) were D. Livingston Stallings, Johnnie E. Daugherty, James Chance, Dexter F. Williams and Grover C. Lancaster, Jr. They were duly sworn, assumed their offices and held their first meeting on December 3, 1962.

The Board of Commissioners at a meeting regularly held on December 17, 1962, adopted by unanimous vote a motion "that a member of the present Board of Commissioners be appointed as a member of the Craven County Welfare Board, replacing J. Ben Pitts," and thereafter adopted by unanimous vote a motion appointing Dexter F. Williams "as a member of the Craven County Welfare Board, to succeed Mr. J. Ben Pitts." By letter dated December 19, 1962, Frank Ballard, Chairman of the Welfare Board, was so advised. A copy of this letter was sent to Pitts. Upon receipt thereof, Pitts, by letter dated December 20, 1962, addressed to "The Chairman

and Members of the County Board of Commissioners of Craven County," after referring to matters set forth above and after quoting pertinent provisions of G.S. 108-11, concluded as follows:

> "I have not submitted my resignation as a member of the Craven County Board of Public Welfare, and, under the law my term of office does not expire until the first Monday of July 1965. Your arbitrary action in attempting to oust me from the Craven County Board of Public Welfare, and naming Mr. Dexter F. Williams as my successor, is void and contrary to law, and I wish to assure you that I expect to continue to serve on this board for my three year tenure regardless of what action you have taken.
>
> "It would be appreciated by me if you would rescind the action taken by you on Monday, December 17, 1962, naming Mr. Dexter F. Williams as my sucessor and notify the public of this action through the local press."

The Board of Commissioners at a meeting regularly held on January 7, 1963, after a discussion of the matters set forth above, adopted by unanimous vote a motion "for the previous action on the matter to stand."

Judge Hubbard, based on the agreed facts and his conclusions of law, entered judgment providing:

> "IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the plaintiff, J. Ben Pitts, was duly appointed a member of the Craven County Board of Public Welfare for a three-year term beginning July 1, 1962, and that the appointment of the defendant, Dexter F. Williams, by the Board of Commissioners of Craven County to serve in the place and stead of the said plaintiff is without force and effect and that the plaintiff is entitled to such writ or other process as is necessary to enable him to continue to serve as a member of said Craven County Board of Public Welfare until the expiration of such three-year term for which he was appointed, which began on July 1, 1962. It is further ordered that the defendant shall pay the costs."

Defendant excepted and appealed, assigning as error designated conclusions of law and the judgment.

*Laurence A. Stith for defendant appellant.*

*No counsel contra.*

BOBBITT, J.    The question is whether the term of office of Pitts as a member of the Welfare Board expired on December 3, 1962, on account of the expiration on that date of his term of office as a member of the Board of Commissioners.

Decision must be based on G.S. 108-11 which, in pertinent part, provides:

> "Each of the several counties of the State shall have a county welfare board composed of three members who shall be appointed as follows: The board of county commissioners shall appoint one member who may be one of their own number to serve as ex officio member of the county welfare board with the same powers and duties as the other two members, or they may appoint a person not of their own number to serve on the county welfare board; the State Board of Public Welfare shall appoint one member; and the two members so appointed shall select the third member. In the event the two members thus appointed are unable to agree upon the selection of the third member, such third member shall be appointed by the resident judge of the superior court of the district in which the county is situated.

> "Appointments of county welfare board members shall be made on or before the first day of July of the year in which the term of appointment expires, and shall be effective as of that date, and the terms of office shall be three years each. Appointments to fill vacancies shall be for the remainder of the term of office. Prior service on a county welfare board shall not disqualify any person for service under this article, but no member shall be eligible to serve more than two successive terms."

R. L. Stallings, Sr., whose term of office expired June 30, 1962, was not eligible for reappointment. It was the duty of the Board of Commissioners at their meeting on Monday, July 2, 1962, to appoint a member of the Welfare Board to succeed Mr. Stallings; and the first sentence of the second paragraph of G.S. 108-11 expressly provides that the *term of office* of such appointee "shall be three years." At said meeting, the Board of Commissioners appointed J. Ben Pitts (as successor to R. L. Stallings, Sr.) "for the ensuing term." The "ensuing term" was the statutory term of three years. The Board of Commissioners as constituted on July 2, 1962, was authorized and obligated to appoint Mr. Stallings' successor; and, with knowledge that he would not be a member of the Board of Commissioners after

December 3, 1962, Pitts was appointed for the three-year term ending June 30, 1965.

It is noted that the three-year term of *one* of the three members of the Welfare Board expires on June 30th of each year. The obvious purpose of this statutory plan is to give assurance there will always be at least two members with prior knowledge and understanding of the Welfare Board's functions, program and problems.

Attention is directed to this provision in the first paragraph of G.S. 108-11: "The board of county commissioners shall appoint one member who may be one of their own number to serve as ex officio member of the county welfare board with the same powers and duties as the other two members, or they may appoint a person not of their own number to serve on the county welfare board."

Originally, the statute contained no provision for the appointment by a board of county commissioners of one of their own number to serve as a member of the county welfare board (formerly county board of charities and public welfare). See N. C. Code of 1939 (Michie), § 5014. The statute was amended so as to *authorize* a board of county commissioners, if it saw fit to do so, to appoint "one of their own number" to serve as a member of the county welfare board. Public Laws of 1941, Chapter 270, Section 2. The amendment did not require that a board of county commissioners appoint "one of their own number," but by authorizing it to do so removed any question as to the legality of such appointment.

From July 2, 1962, through December 3, 1962, while a county commissioner, and from December 3, 1962, until June 30, 1965, while not a county commissioner, Pitts was eligible for appointment and service as a member of the Welfare Board. His eligibility for such appointment did not depend upon whether he was or was not a county commissioner. Under his appointment, Pitts was "to serve as ex officio member of the county welfare board" from July 2, 1962, through December 3, 1962. His service after December 3, 1962, would be as an appointed member who was not a county commissioner. When this change in status occurred, it would seem that an oath of office as member of the Welfare Board should be administered to and taken by Pitts.

"Ex officio" is defined as follows: "From office; by virtue of the office; without any other warrant or appointment than that resulting from the holding of a particular office." Black's Law Dictionary, Fourth Edition, 661; 18 Cyc. 1500; 12 A. & E. Encycl. of L., 2d Edition, 391; 32 C.J.S. 1145.

Obviously, the term "ex officio" is not used in G.S. 108-11 in its technical sense. The authority of Pitts as a member of the Welfare Board did not result from the fact that he was a county commissioner but from the fact that the Board of Commissioners had appointed him to serve as a member of the Welfare Board for the three-year term ending June 30, 1965. What the General Assembly intended by the use of the term "ex officio" when it enacted the 1941 Amendment is unclear. It may have been apprehensive as to the dual office holding provision of Article 14, Section 7, of the Constitution of North Carolina. It may have intended to make plain that a county commissioner, when appointed and while serving as a member of the Welfare Board, was not entitled to additional compensation for such service.

The Board of Commissioners on July 2, 1962, under the clear mandate set forth in the second paragraph of G.S. 108-11, was under duty to appoint a member of the Welfare Board *for a three-year term.* It appointed Pitts for such three-year term. G.S. 108-11 contains no provision sufficient to suport the view that the expiration of the term of office of Pitts as county commissioner disqualified him from further service as a member of the Welfare Board or created a vacancy in the office to which he had been appointed. Hence, the action of the (new) Board of Commissioners on December 17, 1962, purporting to appoint defendant to succeed Pitts, was null and void. Present statutory provisions require that the judgment of the court below be affirmed.

Affirmed.